**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1293
_____

SHIRLEY L. SMITH,

Appellant

v.

VIRGIN ISLANDS PORT AUTHORITY;
VIRGIN ISLANDS PORT AUTHORITY GOVERNING BOARD;
FORMER EXECUTIVE DIRECTOR GORDAN A. FINCH,
Individually and in his official capacity;
ASSISTANT EXECUTIVE DIRECTOR DAVID MAPP,
Individually and in his official capacity;
FORMER EXECUTIVE DIRECTOR DARLAN BRIN,
Individually and in his official capacity
_____

On Appeal From the District of the Virgin Islands
(District Court No. 02-cv-00227)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2014

Before:  RENDELL, FUENTES, and GREENAWAY, JR., *Circuit Judges*.
(Opinion Filed:  June 10, 2014)

_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*

Shirley Smith filed a complaint against the Virgin Islands Port Authority and other defendants, alleging that the defendants violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family and Medical Leave Act. Smith also brought various territorial claims, including a claim for intentional infliction of emotional distress ("IIED"). The District Court dismissed all of her claims and later awarded the defendants $6,257.02 in attorneys' fees and $4,000 in costs. Smith, who is *pro se*, appealed from the District Court's award of fees and costs. For the reasons set forth below, we affirm.

## I.

Following the District Court's dismissal of all of Smith's claims and our affirmance of the District Court's decision, the defendants filed a motion for attorneys' fees and costs under 5 V.I.C. § 541(a)(6) & (b) and federal law. The Magistrate Judge issued a report and recommendation ruling that the defendants' motion be granted in part and denied in part. Specifically, the Magistrate Judge recommended that attorneys' fees be denied with respect to Smith's federal claims on the grounds that the claims were not unreasonable or frivolous. The Magistrate Judge also recommended that attorneys' fees be denied with respect to all of Smith's territorial claims except for her IIED claim, which was the only territorial law claim for which she did not establish a prima facie case. After considering Smith's difficult financial situation, along with other factors, the Magistrate Judge recommended an award of $10,000 in attorneys' fees and an award of $4,000 in costs, which was less than half of the roughly $8,900 in costs sought by the defendants.

Smith filed several objections to this report, which the District Court overruled in part and sustained in part. The District Court agreed with the Magistrate Judge's recommendation that it had discretion to award attorneys' fees associated with the defense of Smith's IIED claim. Therefore, the District Court overruled Smith's objection to this recommendation. However, the Court held that Smith's objection to the calculation of the fee award had merit. Smith had objected to the calculation of the fee award on the grounds that the award corresponded to work done by Ogletree Deakins, which was not performed until after Smith's IIED claim was dismissed. The District Court sustained this objection and re-calculated the fee award to reflect the hours of work performed by the defendants' predecessor counsel on the IIED claim. Ultimately, the District Court awarded attorneys' fees in the reduced amount of $6,257.02 and costs in the full recommended amount of $4000. Smith subsequently appealed.[1]

### III.

We conclude that the District Court did not abuse its discretion in awarding attorneys' fees incurred in connection with defending Smith's IIED claim. Because the defendants succeeded in obtaining the dismissal of Smith's IIED claim pursuant to Federal Rule of Civil Procedure 12(b)(6), they were entitled to recover attorneys' fees under 5 V.I.C. § 541 as the prevailing parties. *See* 5 V.I.C. § 541(b) ("[T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses

---

[1] We have jurisdiction over this case pursuant to 28 U.S.C. § 1291. We review an award of attorneys' fees and costs for abuse of discretion. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3d Cir. 2005).

3

thereto . . . ."); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999) (holding that § 541 is "applicable to fees for the litigant who succeeds in pursuing Virgin Islands territorial claims"). Likewise, the District Court did not abuse its discretion in awarding the defendants costs based on their status as prevailing parties on all of Smith's claims. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); 5 V.I.C. § 541(a) (providing that certain costs may be recovered by the prevailing party in a civil action).

On appeal, Smith asserts that the District Court abused its discretion by failing to consider her financial situation and ability to pay when awarding attorneys' fees and costs against her. However, the Magistrate Judge explicitly considered Smith's financial status and lowered the award of attorneys' fees and costs on that basis, and the District Court affirmed this particular aspect of the Magistrate Judge's ruling. *Smith v. V.I. Port Auth.*, 2013 WL 152178, at *4 (D.V.I. Jan. 11, 2013) ("The Magistrate Judge recognized a litigant's ability to pay is a relevant factor in making an award of fees or costs and took Smith's financial circumstances into account in fashioning an award in this case, reducing the recommended attorneys' fees from $11,291.48 to $10,000.00 and costs from $8,960.10 to $4,000.00. . . . Because the Magistrate Judge adequately considered and accounted for Smith's financial situation in her recommended award, this objection is overruled."). Additionally, the amount of reduction applied by the District Court to account for Smith's financial situation was appropriate and within the Court's discretion.

4

Smith also argues that the District Court's decision to award attorneys' fees and costs to the defendants is tantamount to a sanction, that this fee award will deter others with civil rights claims from seeking redress, and that the defendants acted in bad faith and thus are not entitled to any award. We reject these arguments for substantially the same reasons set forth by the District Court.

**IV.**

For the foregoing reasons, we affirm the District Court's award of $6,257.02 in attorneys' fees and $4,000 in costs.